## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DEANNA J. ROBINSON** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO. 3:17-cv-513-K** |
| **vs.** | § | |
| | § | |
| **HUNT COUNTY, TX;** | § | |
| **RANDY MEEKS, HUNT COUNTY SHERIFF,** | § | |
| **in his individual capacity and official capacity;** | § | |
| **JEFFERY HAINES, in his individual capacity** | § | |
| **and official capacity;** | § | |
| **DESTINY TWEEDY, in her individual capacity** | § | |
| **and official capacity;** | § | |
| **JACOB SMITH, in his individual capacity and** | § | |
| **official capacity; and** | § | |
| **JOHN DOES 1-5, in their individual capacities** | § | |
| **And official capacities.** | § | |
| | § | |
| **Defendants** | § | |

## DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S REPLY APPENDIX AND REPLY ARGUMENTS RELYING ON HER APPENDIX

COME NOW, Defendants Hunt County, TX, Randy Meeks, Jeffery Haines, Destiny Tweedy, and Jacob Smith ("Defendants") and file this, their Objections and Motion to Strike Plaintiff's Reply Appendix in support of her Reply to Defendants Hunt County's and Randy Meeks' Response to her Plaintiff's Motion for Preliminary and Reply arguments relying on the Reply Appendix. In support thereof, Defendants submit the following:

## I.
### SUMMARY

Defendants object, and the Court should strike and ignore, the appendix filed by Plaintiff in support of her Reply to Defendants Hunt County's and Randy Meeks' Response to her Motion for Preliminary Injunction because it was filed in violation of the Local Rules of the Northern

District of Texas.  Defendants also object to arguments asserted by Plaintiff that rely on the improperly filed appendix.  Defendants object to Plaintiff's attempt to include Defendants Haines, Tweedy, and Smith within the scope of injunctive relief sought in Plaintiff's Motion for Preliminary Injunction because they had not yet been named, identified, sued, or served at the time of the filing of said motion, nor at the time of the filing of Defendants Hunt County's and Sheriff Meeks' response, and did not have the opportunity to file a response on their own behalf. Defendants also object to, and the Court should strike, certain aspects of the Reply evidence because they are improper.  The Court should strike and disregard Plaintiff's Reply and arguments relying thereon.

## II.
### BACKGROUND

1.      On February 23, 2017, Plaintiff filed her Complaint.  Dkt. No. 1.  Her Complaint named Hunt County and Sheriff Meeks as Defendants, as well as unidentified John Does 1-10.

2.      On February 24, 2017, Defendants Hunt County and Sheriff Meeks were served with Plaintiff's Complaint.

3.      On March 2, 2017, Plaintiff filed her Motion for Preliminary Injunction.  Dkt. No. 6.  At the time of the filing of Plaintiff's Motion only Defendants Hunt County and Sheriff Meeks had been served and identified.  *Id*.

4.      On April 14, 2017, Defendants Hunt County and Sheriff Meeks filed their Response to Plaintiff's Motion for Preliminary Injunction.  Dkt. No. 14.

5.      On April 20, 2017, Plaintiff filed her First Amended Complaint including for the first time Haines, Tweedy, and Smith as Defendants.  Dkt. No. 18.

6.      On April 27, 2017, Defendants Haines, Tweedy, and Smith were served with Plaintiff's

First Amended Complaint.

7.      On May 1, 2017, four days after Defendants Haines, Tweedy, and Smith were served with Plaintiff's First Amended Complaint, Plaintiff filed her Reply to Defendants Hunt County's and Sheriff Meeks' Response to her Motion for Preliminary Injunction. Dkt. No. 22.  Plaintiff's Reply included an Appendix filed in its support ("Reply Appendix").  Dkt. No. 22-1.

### III.
### ARGUMENTS AND AUTHORITIES

A.      **Defendants Object to, and the Court Should Strike and Disregard, Plaintiff's Reply Appendix.**

Northern District Local Rules 7.1 and 7.2 do not allow parties to file an appendix in support of a reply.  *Total Rx Care, LLC v. Great Northern Insurance Company*, 318 F.R.D. 587, 601 (N.D. Tex. Mar. 7, 2017), citing *Murillo Modular Grp., Ltd. v. Sullivan*, No. 3:13-cv-3020-M, 2016 WL 6565756, at *3 (N.D. Tex. Nov. 2, 2016); *Alvarez v. Aldi (Texas) LLC*, No. 3:13-cv-4122-L, 2014 WL 3557435, at *2 (N.D. Tex. July 17, 2014); *Allstate Ins. Co. v. Interline Brands, Inc.*, 997 F.Supp.2d 501, 505 (N.D. Tex. 2014); *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239–40 (N.D. Tex. 1991); *see also T & E Inv. Grp., LLC v. Faulkner*, No. 3:11-cv-0724-P, 2012 WL 12822296, at *2 (N.D. Tex. Sept. 27, 2012) ("Evidentiary appendixes are to be included in motion and response briefs, not reply briefs. In fact, Local Rule 7.1(f), the general reply rule that applies to all civil motions, does not even refer to an evidentiary appendix. (Local R. 7.1(f).) Therefore, this Court generally refuses to consider evidence presented for the first time in a reply brief."); *Lewis v. Southwest Airlines Co.*, Civil Action No. 3:16-cv-1538-M, 2017 WL 879225, *3 (N.D. Tex. Mar. 6, 2017) ("It is generally improper for a party to introduce new evidence at the reply stage of a motion proceeding. *See* N.D. Tex. L. Civ. R. 7.2(e) (appendix may accompany a motion or response); *Tovar v. United States*, 2000 WL

425170, at *4, n. 8 (N.D. Tex. Apr. 18, 2000), aff'd, 244 F.3d 135 (5th Cir. 2000)).

As the Northern District has explained, the "purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence." *Lewis*, 2017 WL 879225, at *3. "'[A] reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond.'" *Lewis*, 2017 WL 879225, at *3, quoting *Springs Indus.*, 137 F.R.D. at 239.

On May 1, 2017, Plaintiff filed her Reply [Dkt. No. 22] and her Reply Appendix [Dkt. No. 22-1]. The Reply Appendix is not permitted under the Local Rules and deprives Defendants Hunt County and Sheriff Meeks a meaningful opportunity to respond. Defendants object to Plaintiff's Reply Appendix, and the Court should strike and disregard it.

**B.    Defendants Object to Plaintiff's Arguments in Her Reply Based on the Reply Appendix.**

As Plaintiff's Reply Appendix is impermissible under the Local Rules and the Court should strike and disregard the Reply Appendix, Defendants object to all arguments asserted by Plaintiff in her Reply which rely on evidence contained in the Reply Appendix. Defendants urge the Court to strike and disregard said arguments in deciding Plaintiff's Motion for Preliminary Injunction.

**C.    Defendants Object to Plaintiff's Attempt to Include Defendants Haines, Tweedy, and Smith within the Scope of Her Motion for Preliminary Injunction.**

Defendants object to Plaintiff's attempt to include Defendants Haines, Tweedy, and Smith within the scope of the Motion for Preliminary Injunction. On March 2, 2017, when Plaintiff filed her Motion for Preliminary Injunction, Plaintiff had not named, identified, sued, or served Defendants Haines, Tweedy, and Smith. *See* Dkt. Nos. 6 and 18. On April 14, 2017, when Defendants Hunt County and Sheriff Meeks filed their Response to Plaintiff's Motion for

Preliminary Injunction, Plaintiff had not yet named, identified, sued, or served Defendants Haines, Tweedy, and Smith. *See* Dkt. Nos. 14 and 18. It was not until April 20, 2017 that Plaintiff named, identified, and sued Defendants Haines, Tweedy, and Smith, and these Defendants were served on April 27, 2017. *See* Dkt. No. 18.

On May 1, 2017, four (4) days after serving Defendants Haines, Tweedy, and Smith, Plaintiff filed her Reply to Defendants Hunt County's and Sheriff Meeks' Response to Plaintiff's Motion for Preliminary Injunction. In her Reply, Plaintiff attempts to include Defendants Haines, Tweedy, and Smith within the scope of the injunctive relief she seeks in her Motion for Preliminary Injunction "because they had sufficient notice of the Plaintiff's motion and are local government officials sued in their official capacity as to injunctive relief." *See* Dkt. No. 22, Page 4 [n. 1].

Defendants object to including Defendants Haines, Tweedy, and Smith within the scope of the injunctive relief sought in Plaintiff's Motion for Preliminary Injunction because no Motion for Preliminary Injunction identifying or naming them has been filed, and they have not had an opportunity to file responses on their own behalf to Plaintiff's Motion for Preliminary Injunction. Were the Court to order injunctive relief against Defendants Haines, Tweedy, and Smith under these procedural conditions, Defendants Haines', Tweedy's, and Smith's due process rights would be violated by having restrictions imposed on them without the opportunity to respond. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *Finch v. Fort Bend Independent School Dist.*, 333 F.3d 555, 562 (5th Cir. 2003) (citing *Cleveland Bd. of Educ.*, 470 U.S. at 542); *Jones v. Houston Indep. Sch. Dist. Bd. of Trustees*, 986 F.Supp.2d 812, 823-824 (S.D. Tex. Nov. 15, 2013) (citing *Finch*, 333 F.3d at 562). The Court should strike and ignore Plaintiff's improper attempt to expand the scope of the injunctive relief she seeks in her Motion for

Preliminary Injunction to Defendants Haines, Tweedy, and Smith.

**D.  Defendants Object to, and the Court Should Strike, Certain Portions of the Evidence Contained in the Reply Appendix.**

In the unlikely event that the Court does not sustain Defendants' objections and strike the Reply Appendix and arguments relying thereon *in toto*, Defendants also present objections to certain portions of Plaintiff's Reply Appendix evidence.

**1)  Defendants Object to Paragraph 2 of Plaintiff's Declaration.**

Under Federal Rule of Evidence 602, a person may only testify as to evidence for which she has personal knowledge.

Defendants object to Paragraph 2 of Plaintiff's Declaration [Dkt. No. 22-1, Page 4] because she lacks personal knowledge for the statement therein.  Specifically, Plaintiff declares that she remains "banned from commenting on or liking content on the Hunt County Sheriff's Office (HCSO) Facebook Page, including posts and comments made by fellow citizens."  As it is undisputed that Plaintiff is not an administrator of the Hunt County Sheriff's Office Facebook page in question, Plaintiff cannot have personal knowledge as to actions taken or not taken by administrators of the Hunt County Sheriff's Office Facebook page.

**2)  Defendants Object to Portions of Paragraph 3 of Plaintiff's Declaration.**

Under Federal Rule of Evidence 602, a person may only testify as to evidence for which she has personal knowledge.

For the reasons stated above, Defendants object to the last half of the last sentence of Paragraph 3 wherein Plaintiff alleges that she was banned from posting on the Hunt County Sheriff's Office Facebook page.  Plaintiff cannot have personal knowledge as to actions taken or not taken by administrators of the Hunt County Sheriff's Office Facebook page.

**3)   Defendants Object to Portions of Paragraph 5 of Plaintiff's Declaration.**

Under Federal Rule of Evidence 602, a person may only testify as to evidence for which she has personal knowledge.

Defendants object to the portion of Paragraph 5 of Plaintiff's Declaration that declares that Plaintiff is banned from posting and liking comments on Hunt County Sheriff's Office Facebook page.  For the reasons stated above, Defendants object to plaintiff's lack of personal knowledge.

**4)   Defendants Object to Paragraph 2 of Patricia Gager's Declaration.**

Under Federal Rule of Evidence 602, a person may only testify as to evidence for which she has personal knowledge.

Defendants object to Paragraph 2 of Ms. Gager's Declaration because she lacks personal knowledge as to her "blocked" status in relation to the Hunt County Sheriff's Office Facebook page.  Like Plaintiff, it is undisputed that Ms. Gager is not an administrator of that Facebook page and she cannot have personal knowledge as to actions taken or not taken by administrators of the Hunt County Sheriff's Office Facebook page.

**5)   Defendants Object to Paragraph 5 of Patricia Gager's Declaration.**

Under Federal Rule of Evidence 602, a person may only testify as to evidence for which she has personal knowledge.

For the reasons stated above, Defendants object to Paragraph 5 of Ms. Gager's Declaration because she cannot have personal knowledge as to actions taken or not taken by administrators of the Hunt County Sheriff's Office Facebook page, nor the reasons for such actions or refusals to act.

**IV.**

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Hunt County, Sheriff Meeks, Jeffery Haines, Destiny Tweedy, and Jacob Smith pray that their objections be sustained and this motion be granted, that Plaintiff's Reply Appendix be stricken as set forth above and the applicable portions of Plaintiff's Reply be disregarded, (in the unlikely event that injunctive relief is awarded to Plaintiff) that any injunctive relief only apply to Defendants Hunt County and Sheriff Meeks, and for such other relief, both general and special, at law or in equity, to which Defendants are entitled.

Respectfully submitted,

　/s/ Thomas P. Brandt　

THOMAS P. BRANDT
 State Bar No. 02883500
 tbrandt@fhmbk.com
FRANCISCO J. VALENZUELA
 State Bar No. 24056464
 fvalenzuela@fhmbk.com
LAURA O'LEARY
 State Bar No. 24072262
 loleary@fhmbk.com

FANNING HARPER MARTINSON
 BRANDT & KUTCHIN, P.C.
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

COUNSEL FOR DEFENDANTS HUNT COUNTY, SHERIFF MEEKS, JEFFERY HAINES, DESTINY TWEEDY, AND JACOB SMITH

## CERTIFICATE OF CONFERENCE

This is to certify that on the 3rd day of May, 2017, I conferred with Mr. JT Morris about this motion.  Mr. Morris stated that he is opposed to this motion.

/s/ Francisco J. Valenzuela

**FRANCISCO J. VALENZUELA**

## CERTIFICATE OF SERVICE

This is to certify that on 4th day of May, 2017, I electronically filed the foregoing document with the clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court, and that it reported that it was delivered to all attorneys of record.

/s/ Francisco J. Valenzuela

**FRANCISCO J. VALENZUELA**